relevant evidence after an already favorable ruling, must contemplate that any unused available and otherwise admissible additional evidence may be admitted at the second trial. Otherwise, the state would be punished for its reliance on the trial court's rulings. In this case, therefore, the trial court may on remand remedy its defective receipt either by clarifying what was judicially noticed or by admitting a certified copy of the 1979 judgment and sentence.[11]

Finally, for his last point on the issue of sentence enhancement, defendant asserts that the trial court erred because it did not make specific findings as to the basis for an extended term, as required by § 558.016. Because we are remanding this case for a re-opening of the sentencing proceeding, the trial court is directed to remedy its findings to clearly show the basis for the sentence enhancement.[12] Remand on the issue of specific findings finds precedent in State v. Thompson, 629 S.W.2d 361 (Mo.App.1981), aff'd, 629 S.W.2d 369 (Mo. 1982) (en banc).

For the foregoing reasons, the conviction for robbery second degree is affirmed, but the cause is remanded to the trial court with directions to reopen the sentencing proceeding and to proceed therein in a manner consistent with this opinion.

All concur.

11. Remand to the trial court for reimposition of sentence in accordance with the provisions of § 558.021–1(3) is not in itself a violation of a defendant's double jeopardy rights and has been ordered by this court in several recent decisions. See State v. Thompson, 629 S.W.2d 361 (Mo.App.1981), aff'd, 629 S.W.2d 369 (Mo. 1982) (en banc) (remanded for reimposition because of a failure by the trial court to make specific findings); State v. Lewis, 633 S.W.2d 110 (Mo.App.1982) (stating that a court "may correct without constitutional consequence, a mistake of law" made in sentencing); State v. Moore, 633 S.W.2d 140 (Mo.App.1982); and State v. Slater, 633 S.W.2d 439 (Mo.App.1982) (both cases remanding for resentencing because the sentence was not validly derived).

Grover MORTON, d/b/a Morton Construction Company, Respondent-Appellant,

v.

George R. HADLEY, a/k/a Robert Hadley and Anna M. Hadley, Appellants-Respondents,

Warren E. Slagle, Trustee, and North American Savings Association, Respondents.

No. WD 32951.

Missouri Court of Appeals, Western District.

Dec. 21, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Feb. 1, 1983.

Application to Transfer Denied March 29, 1983.

Charles E. Weedman, Jr., Harrisonville, for respondent-appellant.

John J. Phillips, Independence, for appellants-respondents.

Before SHANGLER, P.J., and PRITCHARD and DIXON, JJ.

12. We note that in addition to being somewhat mooted by our holding here, this point suffers from defendant's failure to object to the lack of findings at the trial. The question can only be reviewed, then, as plain error, requiring a showing by defendant that he has suffered a "manifest injustice or a miscarriage of justice." Rule 84.13. In State v. Moland, 626 S.W.2d 368 (Mo.1982), the court held that such injustice had not been shown where the evidence before the trial court supported the finding that defendant was convicted of two previous felonies. Here, defendant admits that he was actually convicted of two earlier felonies and in fact, has provided this court with a certified copy of his 1979 judgment and sentence, the only conviction at issue. Under these facts, we find no manifest injustice.

## ORDER

**PER CURIAM:**

The order granting a new trial is affirmed. Rule 84.16(b).

**Benedict H. KOHLLEPPEL, Jr., Dorothy L. Kohlleppel, (Appellants),**

v.

**H. Wayne OWENS, Ruth E. Owens, (Respondents).**

**No. WD 33149.**

Missouri Court of Appeals, Western District.

Dec. 21, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Feb. 1, 1983.

Application to Transfer Denied March 29, 1983.

Theodore M. Kranitz, St. Joseph, for appellants.

Larry L. Zahnd, Maryville, for respondents.

Before SOMERVILLE, C.J., CLARK, J., and MOORE, Senior Judge.

CLARK, Judge.

In this litigation over disputed easement and user rights between adjoining owners of farmland, an earlier judgment declared respondents Owens entitled to maintain and